Good morning, Your Honors. Jerry Seitz for Appellant Refugio Garcia-Reyes. May it please the Court. In this case, the District Court abuses discretion by making erroneous legal rulings in two ways. In the first way, it erroneously calculated when the state judgment became final. The state judgment became final on March 2, 1999, because that was when the time for appealing the sentence upon remand had passed. What the District Court did was it recalculated when the time for appealing the original sentence had passed. But pursuant to United States v. Colvin, 9th Circuit, 204 F. 3rd, 1221, a state judgment does not become final until the time for appealing. I'm sorry. I thought that was a 2255 case. 1221, 1225. U.S. v. Colvin, 204 F. 3rd, 1221, 1225, 9th Circuit. That was a Federal case, though, wasn't it? Yes. So it wasn't a state court. It wasn't addressing a state court. It was addressing what happens in a Federal.  But it didn't have before it the question of 2244. It had the question before it, 2255. What you'd like to do is say that Colvin, which interpreted the language of 2255, has to be extended by its logic to 2244. You're absolutely correct. That's what I'm saying. Thank you for, in effect, making my argument for me. That's exactly what I'm saying, that the one-year statute of limitations does not run until the time for appealing the sentence upon remand has passed. And in this case, the California court of appeal expressly remanded the case for resentencing. On the other issue which you raise, which is the statutory tolling, do you have any view as to whether we should defer submission pending what the Supreme Court does with Chavez? I'm sorry? You also raise an issue of statutory tolling. Right. Clearly controlled by the Ninth Circuit's decision in Chavez. If that decision holds up, the Supreme Court is considering it. Right. But should we defer submission pending what the Supreme Court does on that issue? I don't believe so for this reason. In the briefs of Appellant Reyes, yes, he based part of his argument on Chavez v. Lamarck, but he also based his argument equally on Delholm v. Ramirez and on Gaston v. Palmer. And so even if we ignore Chavez v. Lamarck, I don't believe it's necessary too late. I believe that the ---- What if the Supreme Court reverses Chavez? Well ---- It is at no moment? No. All right. All right. I'm sorry, but she's probably correct. Chavez was my case, and I guess I'm a little gun-shy right now. Okay. I have one other question. Sure. If it were to happen that the Supreme Court disagreed with Judge Fletcher, do we need to consider the final judgment issue? I think so. I mean, for me to anticipate what the United States Supreme Court is going to say, you know, I just feel uncomfortable doing that. I would like to make a further point. That's not my question. If we defer submission waiting for the Supreme Court to rule, and if it were to affirm and you're correct on the final judgment rule, you've got equitable tolling and you're home free. But if they were to reverse in Chavez, is there any need for us to reach the issue of the final judgment? Sure. I mean, you're not you don't have the time regardless. Okay. I'll fiddle with it. Here's my feeling. Regardless of what happens, when the United States Supreme Court rules, there should be the opportunity for supplemental briefing for both myself and opposing counsel to submit supplemental briefs so that we can address that because we don't know what the Court is going to say. Okay. There is one more point that I'd like to make. In the government's brief, the government made a strong point saying that Mr. Reyes was not entitled to statutory tolling because there was not overlap in his claims and that the first claim he made in his very first habeas petition filed in Santa Barbara County Superior Court, instead of asserting the Aranda Bruton claim, he asserted a Miranda claim. I argued in the reply briefing, Appellant Reyes argued, that there was overlap, that given the requirement of a liberal interpretation of the pleadings, there was overlap, but I want to read and stress the brief argument that Mr. Reyes asserted in his very first petition. He said, While in custody on a DUI conviction starting October 31, 1994 to August 1996, I was called to court without any prior knowledge of having committed any other offense other than that stated above, the DUI, and arraigned for 187-182-664 attempted murder. At the time of, quote, unquote, arrest, I was not given my constitutional rights per Miranda. Now, opposing counsel interpreted that as asserting a Miranda claim. Appellant Reyes's position is that at the time of, quote, unquote, arrest, it was a time of his arraignment on the attempted murder charge. He was not making an incriminating statement at that time. All he was doing was pleading not guilty, and then he subsequently had a jury trial. So he's not asserting a Miranda claim because he's not asserting that he made an incriminating statement. He never made an incriminating statement. The co-defendant made an incriminating statement. What happened at the time of his arraignment in superior court was that his case was joined improperly with another case, and that's how his constitutional rights were violated. He said here, Miranda, M-I-R-A-N-D-A, in the second habeas petition in superior court, he said, you tried Miranda, and then eventually an attorney got involved and it became Putin-Iranda. I just wanted to point that out. I'd like to reserve the rest of my time for rebuttal. Sotomayor. Sanchez. May it please the Court. Deputy Attorney General Mary Sanchez, on behalf of Respondent Appellee. Your Honor, I would agree that a decision from this Court should be deferred pending the United States Supreme Court's decision in Chavez. And if the United States Supreme Court were to overrule the Chavez opinion, there would be no need to reach decision regarding the final judgment in the Colvin issue, whether that should be extended to the present case. Unless this Court has any further questions, I will submit on the brief. Do you have any comment on the two different claims in the different petitions? A plain reading of the record is that he raised a Miranda claim. I don't think you can really stretch Miranda into Iranda Bruton, and I think you need to take a look at that habeas petition as it was worded in the superior court. He is talking about at the time of his arrest, he did not receive any Miranda warnings. I don't think you can do that. Did he make an incriminating statement ever? Your Honor, that – I'm not aware of whether he did or not, because he appears to be referring to a DUI arrest. And I did not review the record of this DUI arrest, which I think happened in the early 90s. He appears to be disputing the use of this prior DUI arrest as a strike. I think that's what he's doing. So I'm not sure, based on what I've read, that he's actually ever made an incriminating statement. But the way it was phrased, I think any jurist would have read that as a Miranda claim and not a Miranda Bruton claim. Okay. Thank you. Proceed. I submit on the basis – thank you very much for your time. All right. Thank you, counsel, for the argument. The matter just argued will be submitted. And we'll – next to your argument – Or not. Yeah, well, it is submitted, and we'll make a decision. United States v. Watkins. Thank you.
judges: B. Fletcher, Rymer, Fisher